IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE PHILLIP S. FIGA

Civil Action No.  06-cv-00315-PSF-PAC

GLENN ROSENSTEIN,

    Applicant,

v.

R. WILEY, Warden,

    Respondent.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

This matter comes before the undersigned district judge on the Report and Recommendation of the Magistrate Judge entered January 2, 2007 (Dkt. # 26).  In that Recommendation, the Magistrate Judge's recommends that this Court find that Bureau of Prisons ("BOP") regulation, 28 C.F.R. § 570.21, is an improper exercise of the BOP's rulemaking authority and therefore invalid (Recommendation at 20).  Based on such recommendation, the Magistrate Judge further recommends that the relief requested in applicant's Amended Application for a writ of *habeas corpus* (Dkt. # 4), filed February 28, 2006, be granted to the extent the respondent be directed to reconsider, in good faith, plaintiff's application for placement in a Community Corrections Center ("CCC") (Recommendation at 20-21).  The Magistrate Judge further denied as moot applicant's motion for preliminary injunction (Dkt. # 13), filed April 13, 2006.

On January 10, 2007, respondent timely filed his objection to the recommendations of the Magistrate Judge (Dkt. # 30).  The respondent objected to what he termed

the "ultimate recommendation" as set forth above, and also objected to this Court acting on the recommendation prior to the Tenth Circuit ruling in *Wedelstedt v. Wiley*, Appeal No. 06-1461, an appeal in a case that presented the same issues regarding the BOP regulation as raised in the instant case. The respondent argued that the Tenth Circuit ruling in *Wedelstedt*, expected shortly after the oral argument of that case set for January 19, 2007, would end the debate in this circuit over the validity of the regulation and this Court should abate its ruling until the Tenth Circuit decision (Objection at 3-4).

On February 20, 2007, the Tenth Circuit issued its opinion in *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007), finding that it was the clear intent of Congress that all inmate placement and transfer decisions be made individually and with regard to five factors enumerated in 18 U.S.C. § 3621(b), and because the BOP regulations supplant the five factors, it found the regulations invalid. 477 F.3d at 1162. The panel affirmed the order of the district court granting Wedelstedt's application for a writ of *habeas corpus* and affirmed its order directing that he be considered for CCC placement without regard to 28 C.F.R. §§ 570.20 and 570.21. *Id*. On March 13, 2007, the respondent in *Wedelstedt* filed a response to an order to show cause issued by the district court. He acknowledged that the Solicitor General and the Justice Department had made the decision that "no further appellate action on the case is warranted." Respondent's Answer to Minute Order (Dkt. # 26) at 4. Accordingly, it appears that the appellate proceedings in the *Wedelstedt* case are now complete.

This Court, being bound by the published decision in *Wedelstedt*, finds that the BOP regulations are invalid to the limited extent set forth in that decision, that inmates

must be subject to CCC placement with regards to the factors enumerated in 18 U.S.C. § 3621(b) and not in accordance with the regulations, and therefore Applicant Rosenstein's application for a writ of *habeas corpus* must be granted to the extent the respondent be ordered to reconsider, in good faith, plaintiff's application for placement in a Community Corrections Center.

**CONCLUSION**

This Court therefore accepts the Recommendation of the Magistrate Judge (Dkt. # 26), overrules the objection of the respondent (Dkt. # 30), orders that applicant's Amended Application for a writ of *habeas corpus* (Dkt. # 4), filed February 28, 2006, be GRANTED to the extent the respondent be ordered to reconsider, in good faith, plaintiff's application for placement in a Community Corrections Center, and ORDERS respondent to reconsider, in good faith, applicant's application for placement in a Community Corrections Center.  The respondent is directed to make the determination no less than 45 days from the date of this Order.  In light of the above ruling, the Court agrees that the applicant's motion for preliminary injunction (Dkt. # 13) is moot.

This case is terminated, subject, however, to reopening in the event of a filing by applicant challenging whether the respondent has complied with this Order.

DATED:  March 29, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge